# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 04-160 |
| STEPHEN BANKS | SECTION "L" |

## ORDER

Stephen Banks ("Banks") asks this Court to reconsider its May 18, 2012 order denying Banks' § 3582(c)(2) motion for modification of an imposed term of imprisonment. (Rec. Docs 523, 524). Banks argues that he was sentenced under an offense guideline that has since been retroactively amended by the United States Sentencing Commission and his sentence should therefore be reduced accordingly.

In imposing its original sentence, the Court did not consider the fact that Banks was a career offender because his base offense level (37) under the career offender guideline, § 4B1.1, was one level lower than the base offense level (38) of the crime for which he was sentenced. To be clear, Banks' original sentence was "based on" the offense guideline, § 2D1.1. After that offense guideline was retroactively amended, Banks' base offense level was no longer applicable, and his sentence was appropriately reduced by the Court.

At the time of Banks' sentence reduction, the base offense level of Banks' crime was either equal to or lower than his base offense level under the career offender guideline. Therefore, when the Court reduced Banks' sentence, the Court re-sentenced him as a career offender and "based" its sentence on the career offender guideline. In other words, once Banks' base offense level under the career offense guideline was higher than or equal to Banks' base offense level under the offense guideline, the offense guideline was no longer applicable.

Absent an amendment to the career offender guidelines, Banks will not be eligible to

receive any future reductions in sentence because, as the United States Fifth Circuit Court of Appeals held in *United States v. Anderson*, 591 F.3d 789 (5th Cir. 2009), prisoners that are sentenced as career offenders are not eligible for sentence reductions that derive from retroactive amendments to the Sentencing Guidelines. In this case, as was the case in *Anderson*, "the career offender base level exceeded the general base level" and therefore, "the career offender sentencing range governed." *Id*. at 790.

Although Banks' recitation of the United States Supreme Court's decision in *Freeman v. United States*, 131 U.S. 2685 (2011), is impressive, it is inapplicable to the case at bar. In *Freeman*, the Court held that prisoners who enter into plea agreements under Rule 11(c)(1)(c) are eligible for relief under § 3582(c)(2). *Id.* at 2691. Banks never entered into a Rule 11(c)(1)(c) agreement, and his sentence was not "based on" the offense guideline that he now relies upon to reduce his sentence.

Accordingly, IT IS ORDERED that Banks' motion for reconsideration (Rec. Doc. 523) is DENIED. IT IS FURTHER ORDERED that Banks' motion to supplement (Rec. Doc. 524) is GRANTED.

New Orleans, Louisiana this 17th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE